This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38821**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRANK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Thomas E. Lilley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Frank Lucero
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** The memorandum opinion filed in this case on August 9, 2021, is hereby withdrawn, and this opinion is filed in its stead. Defendant, a self-represented litigant, appeals from the district court's amended judgment and sentence, entered in a de novo appeal from magistrate court, in which Defendant was convicted of indirect criminal contempt for violating a condition of pretrial release. Unpersuaded that Defendant established error, we issued a notice proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement. The motion to amend seeks to add a double jeopardy issue. [Motion 1] Neither the motion to amend nor the memorandum in opposition contain a developed contention required to amend a docketing statement and to show good cause and a

viable issue. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining what is required of parties seeking to add an issue to a docketing statement in cases assigned to the general calendar); *see also State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error). The motion to amend, therefore, is denied. We are unpersuaded by Defendant's remaining contentions and affirm.

**{2}**     We have understood Defendant's docketing statement to raise two issues. First, he contends the magistrate court lacked jurisdiction to file an independent criminal contempt case for Defendant's alleged violation of a condition of his release because (1) it was restricted to the remedies in the pretrial release provisions of Article 4 of the magistrate rules [DS 5-8, 10-11; MIO 1-4], and (2) the underlying criminal case, from which the conditions of release arose, was dismissed by the prosecutor before the magistrate court trial began in this criminal contempt case [DS 9-12]. Second, Defendant contends that the district court erred by failing to make independent determinations in hearing his motions, in accordance with the de novo appeal standard. [DS 12-13; MIO 4-6]

**{3}**     Unpersuaded that the magistrate court lacked authority and jurisdiction to pursue a separate indirect criminal contempt action against Defendant, we explained that magistrates have both the statutory and inherent authority to punish for criminal contempt, and nothing in the pretrial release provisions limit the magistrate court's authority to initiate and punish Defendant for contempt based on the violation of a valid pretrial release order. [CN 2-4] *See* NMSA 1978, § 35-3-9 (1991); *Concha v. Sanchez*, 2011-NMSC-031, ¶ 23, 150 N.M. 268, 258 P.3d 1060; *see also* Rules 6-401(I), -403(A), -407 NMRA. We further explained that Defendant's reliance on language in the magistrate court contempt rule was misplaced because Rule 6-111(C)-(F) NMRA is a rule of *procedure*, setting forth the procedure that applies to contempt proceedings; it does not apply to the imposition of other sanctions, including remedial sanctions; and, thus, the contempt rule does not limit the magistrate court from exercising its inherent and statutory contempt power to punish a violation of a release order that is subject to other remedial sanctions. [CN 4] *See* Rule 6-111(A), (B)(1)(c); § 35-3-9. We also noted that this Court has recognized that a magistrate court may enforce lawful conditions of release by holding a defendant in contempt. [CN 4-5] *See State v. Hicks*, 2002-NMCA-038, ¶ 21, 132 N.M. 68, 43 P.3d 1078 (explaining that to compel compliance with conditions of release, the magistrate court has several options, including the authority to revoke the defendant's conditions of release, to change or add to the existing conditions of release, and it also has the authority to hold a defendant in contempt for failing to comply with conditions of release, citing to Rule 6-111).

**{4}**     Defendant's response to our notice complains that our citation to *Hicks* relies on dicta [MIO 1-2], and claims that pretrial release rules provide the sole remedy for violations of conditions of release [MIO 2-4], but does so without reliance on any

supporting, mandatory language in the rules. Defendant's contentions do not fully address our proposed analysis and do not persuade us that our proposed analysis and reliance on the authorities set forth above was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we hold that Defendant has not demonstrated that the magistrate court lacked authority to initiate and punish Defendant for criminal contempt based on his violation of a condition of his pretrial release.

**{5}**     Defendant does not respond to our proposed disposition of his contention that the magistrate court could not pursue criminal contempt where the underlying criminal case, from which the conditions of release arose, was dismissed by the prosecutor. [DS 9-12; CN 5] He therefore abandons this issue, and we do not address it further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{6}**     With respect to Defendant's contention that the district court erred by failing to make independent determinations in hearing his motions, in accordance with the de novo appeal standard [DS 12-13], our notice refused to address the merits of this issue because Defendant did not explain how or why the district court failed to provide him with a de novo consideration of his motions filed in magistrate court [CN 6-7]. Defendant's memorandum in opposition asserts that the district court's failure to conduct a proper de novo review is demonstrated by the district court's order granting his motion to bar the prosecution from calling undisclosed witnesses and from using documents not provided in discovery and the district court's denial of other motions filed by Defendant. [MIO 4-6; 1 RP 232-33] Defendant claims that the district court decided Defendant's motions based on facts that existed in district court, not as they were before the magistrate court. [MIO 6] The only language from the district court upon which Defendant relies relates only to Defendant's motion that the district court granted. [Motion 6] We are not persuaded that this order and the vague language from the district court demonstrates a failure to follow proper procedure, and there is no indication that Defendant was harmed by the grant of his own motion. *See State v. Fernandez*, 1994-NMCA-056, ¶¶ 13, 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). Thus, Defendant does not establish a due process violation or other error.

**{7}**     For the reasons set forth in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{8}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**